UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lisenby, Jr., #200273, | ) | C/A No. 5:14-cv-01830-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| | ) | |
| Warden Cecilia Reynolds, Lt. Robert Miller, | ) | |
| Grievance Clerk P. Hough, James S. Sligh, Jr., | ) | |
| Major D. Seward, A. Sellers, DHO, Counsel | ) | |
| Substitute Armstrong, and Mr. Padula, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion for Injunctive Relief, ECF No. 21, filed on June 16, 2014. Defendants have not filed a response to Plaintiff's Motion. Plaintiff requests the court to compel Defendants to provide him with legal supplies so that he can "fight his cases." *Id.*

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the

status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's request for injunctive relief should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage. While Plaintiff alleges that "he is not receiving the needed amount of legal supplies to fight his cases adequately," Plaintiff has not offered any evidence to support his claims, nor has he shown that he is unable to adequately present his case. Rather, Plaintiff has many cases in litigation, and Plaintiff actively files motions in each of them. Finally, Plaintiff has not shown that the balance of equities tip in his favor or that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's request for injunctive relief, ECF No. 21, be denied.[1]

IT IS SO RECOMMENDED.

July 17, 2014                                      Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] Additionally, the undersigned notes that it is not this court's role to interfere with the daily operations of Plaintiff's custody. *See Sweet v. S. Carolina Dep't of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Court's deference to prison administrators and all administrative matters unless the condition arises to the level of a constitutional violation).